1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

DIMPLE D. BLAKE,

Plaintiff,

8

v.

9
10

PIERCE COUNTY JAIL, TACOMA
POLICE DEPARTMENT, THURSTON
COUNTY POLICE DEPARTMENT,

11

Defendants.

12

CASE NO. C15-5012 BHS-KLS

ORDER TO AMEND COMPLAINT
OR SHOW CAUSE

13   *Pro se* Plaintiff Dimple D. Blake, proceeding *in forma pauperis,* brings this 42 U.S.C. §

14   1983 civil rights action alleging that her civil rights were violated when she was denied the use

15   of her walker after her arrest.  Dkt. 5.  The Court declines to serve the complaint because it

16   contains pleading deficiencies.  As discussed below, the Court **ORDERS** Plaintiff to show cause

17   – by filing an amended complaint by **March 4,  2015**  – why this matter should not be dismissed

18   for failure to state a claim.

19                                              **BACKGROUND**

20          Plaintiff alleges that on August 1, 2013, she was arrested by Thurston County Sheriff and

21   Tacoma Police Department officers.  She uses a walker for back pain and had back surgery in

22   March 2013.  When she was booked into the Pierce County Jail, she had her walker with her but

23   then never saw it again.  She was placed into the PCJ infirmary and three or four days later, she

24   was bailed out of jail around midnight.  When she asked for her walker, a woman with "short

ORDER TO AMEND - 1

1   brown hair and glasses" shouted at her that she needed to get out of the jail.  She had to crawl

2   along the wall and up the hill on 10th and Yakima because she could not walk.  A man picked her

3   up and drove her to a friend's house.  Her neighbor later told her that the Tacoma Police threw

4   her walker away by the dumpster.  Dkt. 5, pp. 3-4.  Ms. Blake seeks an apology and $100,000.00

5   in damages.  *Id.*

6                                              **DISCUSSION**

7          The Court will dismiss a complaint at any time if the action fails to state a claim, raises

8   frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from

9   such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  To sustain a § 1983 action, a plaintiff must show (a)

10  that she suffered a violation of rights protected by the Constitution or created by federal statute,

11  and (b) that the violation was proximately caused by a person acting under color of state or

12  federal law.  *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  In general, a § 1983

13  plaintiff must allege that a defendant's own conduct violated the plaintiff's civil rights because a

14  defendant cannot be held liable solely on the basis of supervisory responsibility or position.  *See*

15  *City of Canton v. Harris*, 489 U.S. 378, 385–90 (1989); *Monell v. Dep't of Social Servs.*, 436

16  U.S. 658, 691–94 (1978).

17         Plaintiff's complaint suffers from deficiencies that, if not corrected in an amended

18  complaint, require dismissal.  In the amended complaint, Plaintiff must write a short, plain

19  statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the

20  name of the person who violated the right; (3) exactly what that individual did or failed to do; (4)

21  how the action or inaction of that person is connected to the violation of Plaintiff's constitutional

22  rights; and (5) what specific injury Plaintiff suffered because of that person's conduct.  See *Rizzo*

23  *v. Goode*, 423 U.S. 362, 371–72, 377, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).  Plaintiff is further

24  advised as follows.

ORDER TO AMEND - 2

**A.    Liability of Parties**

Plaintiff sues Thurston County Sheriff's Department, Tacoma Police Department, and the "Raid Squad, Drug Task Force".  These are governmental agencies that normally cannot be sued under § 1983.  *See Howlett v. Rose*, 496 U.S. 356, 365 (1990).  Rather, the proper defendants would be Thurston and Pierce County, which are municipalities that can be sued under § 1983.  *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978).  However, if it is Plaintiff's intent to pursue a claim against either county, she must name the county as a party and allege facts setting forth how the county's employees or agents acted through an official custom, pattern or policy that permits deliberate indifference to, or violates, her civil rights or that the county ratified the unlawful conduct.  *Monell,* 436 U.S. at 690–91.

**B.    Unidentified/Unnamed Parties**

Plaintiff must name the individual or individuals who caused or personally participated in causing her harm.  She must describe what each individual did, when they did it, and describe how this harmed her.  The individuals referred to within the body of complaint are the arresting officers, the booking officer, the woman identified as having "short brown hair with glasses", and the unknown officer or officers who allegedly threw the walker in the dumpster.  These persons are not identified and are not named as defendants in the complaint.

Although a plaintiff will given an opportunity after filing a lawsuit to discover the identity of unknown defendants through discovery, the use of Doe defendants is problematic because those persons cannot be served with process in this matter until they are identified by their real names.  Therefore, unless and until Plaintiff can name an individual defendant or defendants or state a viable claim against Thurston or Pierce County, this lawsuit cannot be served on anyone.

ORDER TO AMEND - 3

1   Plaintiff may file an amended complaint to cure the deficiencies noted herein.  Plaintiff

2   shall present the amended complaint on the form provided by the Court.  The amended complaint

3   must be **legibly rewritten or retyped in its entirety**, it should be an original and not a copy, it

4   should contain the same case number, and it may not incorporate any part of the original

5   complaint by reference.  The Court will screen the amended complaint to determine whether it

6   contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights.

7   The Court will not authorize service of the amended complaint on any defendant who is not

8   specifically linked to the violation of Plaintiff's rights.

9   If Plaintiff decides to file an amended civil rights complaint in this action, she is

10   cautioned that if the amended complaint is not timely filed or if she fails to adequately address

11   the issues raised herein on or before **March 4, 2015**, the Court will recommend dismissal of this

12   action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under

13   28 U.S.C. § 1915(g).  Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who

14   brings three or more civil actions or appeals which are dismissed on grounds they are legally

15   frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil

16   action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious

17   physical injury."  28 U.S.C. § 1915(g).

18   **The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C.**

19   **1983 civil rights complaint and for service.  The Clerk is further directed to send copies of**

20   **this Order and Pro Se Instruction Sheet to Plaintiff.**

21   **DATED** this 5th day of February, 2015.

22

23   Karen L. Strombom

24   United States Magistrate Judge

ORDER TO AMEND - 4