UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DIMPLE D. BLAKE,<br><br>                                Plaintiff,<br><br>       v.<br><br>RN SCHNEIDER, LT. MATHEWS,<br>JANE DOE SERGEANT,<br><br>                                Defendants. | No. C15-5012 BHS-KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted For:  April 10, 2015** |

Before the Court is Plaintiff's voluntary motion to dismiss (Dkt. 8) and request that the Court rescind its Order granting Plaintiff leave to proceed *in forma pauperis* (IFP). Dkt. 9. The undersigned recommends that the motion for voluntary dismissal be granted, the case dismissed without prejudice, and the motion for rescission of the IFP Order be denied.

**BACKGROUND**

Plaintiff Dimple D. Blake filed a proposed civil rights complaint under 42 U.S.C. § 1983 on January 8, 2015. Dkt. 1. On February 2, 2015, she filed a motion to proceed IFP. Dkt. 3. The IFP motion was granted on February 4, 2015. Dkt. 8.

In her complaint, Ms. Blake alleges that on August 1, 2013, she was arrested by Thurston County Sheriff and Tacoma Police Department officers. She uses a walker for back pain and had back surgery in March 2013. When she was booked into the Pierce County Jail, she had her walker with her but then never saw it again. She was placed into the PCJ infirmary and three or

REPORT AND RECOMMENDATION - 1

four days later, she was bailed out of jail around midnight. When she asked for her walker, a woman with "short brown hair and glasses" shouted at her that she needed to get out of the jail. She had to crawl along the wall and up the hill on 10th and Yakima because she could not walk. A man picked her up and drove her to a friend's house. Her neighbor later told her that the Tacoma Police threw her walker away by the dumpster. Dkt. 5, pp. 3-4. Ms. Blake seeks an apology and $100,000.00 in damages. *Id.*

The Court declined to serve the complaint because it failed to state a claim under § 1983. To sustain a § 1983 action, a plaintiff must show (a) that she suffered a violation of rights protected by the Constitution or created by federal statute, and (b) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Ms. Blake's complaint is deficient because she was attempting to sue governmental agencies that normally cannot be sued under § 1983 and failed to name the individual or individuals who caused or personally participated in causing her harm. *See* Dkt. 7.

The Court granted Ms. Blake leave to file an amended complaint or to show cause why her complaint as submitted should not be dismissed. Dkt. 7. Instead, on March 6, 2015, Ms. Blake filed a motion for voluntary dismissal of her case without prejudice and without the award of costs. Dkt. 8. She also asked that the IFP Order directing the prison to collect the Court's filing fee of $350.00 be rescinded. Dkts. 8 and 9.

**DISCUSSION**

A.   **Voluntary Dismissal**

Federal Rule of Civil Procedure Rule 41(a) governs the voluntary dismissal of an action in federal court. Rule 41(a)(1) provides that a plaintiff may dismiss an action without a court

REPORT AND RECOMMENDATION  - 2

order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. In addition, unless the notice or (stipulation signed by all parties that have appeared) states otherwise, the dismissal shall be without prejudice.

The complaint in this matter has not yet been served and therefore, there is no opposing party in this matter. Therefore, this action may be dismissed without prejudice.

**B.      Rescission of IFP Order/Return of Court's Filing Fee**

28 U.S.C. § 1915(b)(1) states:

[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of-

(A) the average monthly deposits to the prisoner's account; or

the average monthly balance in the prisoner's account for the 6–monthly period immediately proceeding the filing of the complaint or notice of appeal.

Title 28 U.S.C. § 1915 does not provide any authority or mechanism for the Court to waive the payment of a filing fee, or to return the filing fee after dismissal of an action. It is clear that in amending 28 U.S.C. § 1915 with the enactment of the Prison Litigation Reform Act of 1995, Pub.L. No. 104–134, 110 Stat. 1321 (Apr. 26, 1996) (PLRA), Congress intended to provide financial disincentives for prisoners filing lawsuits in forma pauperis. *See Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir.1997) ("Congress enacted PLRA with the principal purpose of deterring frivolous prisoner litigation by instituting economic costs for prisoners wishing to file civil claims. *See, e.g.*, H.R. Conf. Rep. No. 104–378, at 166–67 (1995); 141 Cong. Rec. S14626 (daily ed.) (Sept. 29, 1995) (statement of Sen. Dole)").

"Filing fees are part of the costs of litigation." *Lucien v. DeTella*, 141 F.3d 773, 775 (7th Cir.1998). Prisoner cases are no exception. The PLRA has no provision for return of fees that

REPORT AND RECOMMENDATION  - 3

are partially paid or for cancellation of the remaining fee. *See Goins v. Decaro*, 241 F.3d 260, 261–62 (2d Cir.2001) (inmates who proceeded pro se and *in forma pauperis* were not entitled to refund of appellate fees or to cancellation of indebtedness for unpaid appellate fees after they withdrew their appeals). In fact, "[a] congressional objective in enacting the PLRA was to 'mak[e] all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.'" *Goins*, 241 F.3d at 261.

Ms. Blake made the decision to file and prosecute this case before she filed this case. Having filed this case, Ms. Blake and the Court are both statutorily limited by the strictures of 28 U.S.C. § 1915. Therefore, the undersigned recommends that Ms. Blake's motion for rescission of the IFP Order be **DENIED**.

**WRITTEN OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 10, 2015**, as noted in the caption.

**DATED** this  25th  day of March, 2015.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4